IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:05-CR-221-FL-1
No. 5:16-CV-311-FL

| | |
|---|---|
| DEMETRIUS LYDELL BRYANT, | ) |
| Petitioner, | ) |
| v. | ) ORDER |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence, made pursuant to 28 U.S.C. § 2255 (DE 83), which challenges petitioner's Armed Career Criminal Act ("ACCA") sentencing enhancement in light of the Supreme Court's holding in Johnson v. United States, 135 S. Ct. 2551 (2015). Also before the court is the government's motion to dismiss, made pursuant to Federal Rule of Civil Procedure 12(b)(6). (DE 91). The issues raised are ripe for ruling.[1] For the reasons that follow, the court denies petitioner's motion to vacate and grants the government's motion to dismiss.

## BACKGROUND

On March 23, 2006, the grand jury returned a three-count superseding indictment, charging petitioner in Count One with possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924. The superseding indictment further charged that petitioner had at least three previous convictions for "violent felonies," as that term is defined in 18 U.S.C. § 924(e)(2)(B). On

---

[1] This § 2255 matter and underlying criminal case were reassigned to the undersigned district judge upon retirement of the district judge who presided over petitioner's original judgment of conviction and sentencing.

April 10, 2006, petitioner pleaded guilty, pursuant to a written plea agreement, to Count One.

Prior to sentencing, the United States Probation Office prepared and published a Pre-sentence Investigation Report ("PSR"), which describes in detail petitioner's background, including his criminal history. Based on petitioner's criminal history, the PSR determined that petitioner was an "Armed Career Criminal" and his statutory minimum sentence was 15 years, under the ACCA, 18 U.S.C. § 924(e)(1). (PSR ¶¶ 41, 45). In petitioner's criminal history, the PSR identified the following North Carolina convictions in support of the ACCA enhancement: two convictions for robbery with a dangerous weapon (armed robbery), two convictions for assault with a deadly weapon with intent to kill inflicting serious injury ("ADWIKISI"), one conviction for assault with a deadly weapon with intent to kill ("AWDWIK"), one conviction for common law robbery, and one conviction for escape. (Id. ¶¶ 10-12, 41).

On July 18, 2006, the court sentenced petitioner to a term of 222 months' imprisonment, adopting the PSR without change. Petitioner did not appeal his judgment.

Petitioner filed the instant motion to vacate on June 2, 2016, arguing that in light of Johnson, he can no longer be classified as an Armed Career Criminal because he does not have the qualifying predicate convictions. In particular, petitioner argues that his North Carolina convictions for AWDWIK, AWDWIKISI, common law robbery, and escape are no longer valid predicate convictions.

In its motion to dismiss, the government argues that petitioner has failed to state a claim upon which relief can be granted. The government concedes that petitioner's escape conviction is no longer a violent felony. The government further concedes that in light of United States v. Gardner, 823 F.3d 793, 804 (4th Cir. 2016), petitioner's common law robbery conviction also fails to qualify as a violent felony. The government, however, maintains that petitioner's two convictions for

AWDWIKISI, one conviction for AWDWIK, and two convictions for robbery with a dangerous weapon remain violent felonies. The government acknowledges that each of these offenses occurred on the same day but argues they "arose out of a separate and distinct criminal episode."

## COURT'S DISCUSSION

A.  Standard of Review

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." Id. § 2255(b).

B.  Analysis

1.  Following Johnson, AWDWIK, AWDWIKISI, and robbery with a dangerous weapon are violent felonies.

A conviction is deemed a "violent felony" under the "force clause" if it "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). For the reasons previously addressed by this court, AWDWIK and AWDWIKISI qualify as violent felonies under the force clause. See Jackson v. United States, Nos. 5:07-CR-110-FL-1, 5:16-CV-353-FL, 2017 WL 455395, at *4 (E.D.N.C. Feb. 2, 2017) (holding that after Johnson, AWDWIK properly constitutes a predicate offense under the ACCA); Goins v. United States, Nos. 7:10-CR-107-FL-1, 7:16CV-95-FL, 2017 WL 455400, at *5 (E.D.N.C. Feb. 2, 2017) (holding that after Johnson, AWDWIKISI qualifies as an ACCA predicate offense). Accordingly, petitioner's

3

conviction for AWDWIK and two convictions for AWDWIKISI are violent felonies.

Likewise, robbery with a dangerous weapon is also a violent felony under the ACCA's force clause. In North Carolina, robbery with a dangerous weapon is defined by statute as follows:

> Any person or persons who, having in possession or with the use or threatened use of any firearms or other dangerous weapon, implement or means, whereby the life of a person is endangered or threatened, unlawfully takes or attempts to take personal property from another or from any place of business, residence or banking institution or any other place where there is a person or persons in attendance, at any time, either day or night, or who aids or abets any such person or persons in the commission of such a crime[.]

N.C. Gen. Stat. § 14-87(a). This robbery requires that it be accomplished "whereby the life of a person is endangered or threatened," which entails "force capable of causing physical pain or injury to another." United States v. Smith, 638 F. App'x 216, 219 (4th Cir. 2016) (citation omitted). Therefore, the offense categorically has as an element the use, attempted use, or threatened use of physical force. See id. (holding that North Carolina robbery with a dangerous weapon qualifies as a violent felony under the force clause); United States v. Wintons, ___ F' App'x ___, 2016 WL 6080669, at *1 (Oct. 18, 2016) (per curiam) (holding that North Carolina robbery with a dangerous weapon qualifies as a violent felony under the force clause); McNatt v. United States, Nos. 5:08-CR-359-FL-1, 5:16-CV-624-FL, 2016 WL 7167949, at *4 (E.D.N.C. Dec. 8, 2016) (holding that after Johnson, North Carolina robbery with a dangerous weapon properly constitutes a predicate offense under the ACCA). Consequently, petitioner's two North Carolina convictions for robbery with a dangerous weapon are violent felonies.

2. Petitioner's convictions were "committed on occasions different from one another."

The ACCA requires that the three qualifying convictions must have been "committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The government bears the burden of proving that the qualifying convictions occurred on different occasions by a preponderance of the evidence. United States v. Span, 789 F.3d 320, 324 (4th Cir. 2015) (citing United States v. Archie, 771 F.3d 217, 223 (4th Cir. 2014)).

To prove that each qualifying conviction was committed on a different occasion, the government must establish that each offense arose out of a "*separate and distinct criminal episode*." United States v. Boykin, 669 F.3d 467, 470 (4th Cir. 2012) (emphasis in original) (quoting United States v. Carr, 592 F.3d 636, 640 (4th Cir. 2010)). In particular, each predicate offense must have "a beginning and an end," such that each "constitute[s] an occurrence unto [itself]." Carr, 592 F.3d at 640 (quoting United States v. Letterlough, 63 F.3d 332, 335 (4th Cir. 1995)).

In the Fourth Circuit, five factors determine if the ACCA offenses were committed on different occasions:

> (1) whether the offenses arose in different geographic locations; (2) whether the nature of each offense was substantively different; (3) whether each offense involved different victims; (4) whether each offense involved different criminal objectives; and (5) whether the defendant had the opportunity after he committed the first-in-time offense to make a conscious and knowing decision to engage in the next-in-time offense.

United States v. Linney, 819 F.3d 747, 751 (4th Cir. 2016) (citations omitted); see Letterlough, 63 F.3d at 335. The five factors can be considered either "together or independently" and the "strong presence" of any one of the factors "can dispositively segregate an extended criminal episode into a series of separate and distinct episodes." Span, 789 F.3d 328 (quoting Carr, 592 F.3d at 644).

When conducting the five-factor analysis, a court relies on "Shephard-approved sources." Id. at 326 (citing Shepard v. Untied States, 544 U.S. 13 (2005)). Where there is a conviction based

5

on a guilty plea, this involves "conclusive judicial records," which includes the indictment, judgment, plea agreement, plea transcript or similar record, and any document that is "explicitly incorporated" into any one of the these. Linney, 819 F.3d at 751-52 (citation omitted).

Having already determined that petitioner has sustained several violent felonies,[2] the court now turns to whether at least three of these convictions were committed on different occasions so as to qualify as ACCA predicates.

The first factor of the five-factor analysis addresses whether the offenses arose in different geographic locations, and the fifth factor looks at whether defendant had the opportunity after he committed the first-in-time offense to make a conscious and knowing decision to engage in the next-in-time offense. In this case, the conviction documents do not reveal the precise location of the robberies and assaults. Rather, the conviction documents only show that the crimes occurred in Wake County, North Carolina. (DE 92, Ex. A at 6, 14, 17, 20, 23). Moreover, the government concedes that the record provides no information on the timing of petitioner's crimes. (Id. at 13.) Because the government bears the burden of proof, Span, 789 F.3d at 324, the first and fifth factors weigh in favor of petitioner.

As for the second factor, whether the nature of each offense was substantively different, petitioner's two armed robberies are substantively distinct from his three assaults with intent to kill. In particular, Petitioner's conduct in attempting to <u>murder</u> the three victims is distinct in substance from the conduct in completing <u>robberies</u> involving two of those victims. This distinction was recognized in Leeson, where the Fourth Circuit Court of Appeals had to decide whether defendant's

---

[2] Petitioner has sustained the following ACCA qualifying predicates: two convictions for robbery with a dangerous weapon, two convictions for AWDWIKISI, and one conviction for AWDWIK. (PSR ¶ 10).

6

aggravated robbery and attempted capital murder of a police officer were "committed on occasions different from another." 453 F.3d at 640. The Fourth Circuit concluded that the two crimes were "distinctly different in nature." Id. at 641. Specifically, while the aggravated robbery involved theft of another's property by threat of violence, the attempted capital murder of the officer involved the use of deadly force with the intent to murder a peace officer. Id. at 641. In this case, this factor weighs in favor of the government.

With respect to the third factor, whether each offense involved different victims, petitioner was convicted of assaulting three different people and robbing two of those people. (DE 92, Ex. A at 6, 14, 17, 20). The crimes are separate as between the three different victims. Thus, this factor weighs in favor of the government.

The fourth factor asks whether each offense involved different criminal objectives, and this factor cuts in favor of separate and distinct episodes. In Leeson, the Fourth Circuit concluded that aggravated robbery and attempted capital murder of a peace officer had different criminal objectives. 453 F.3d at 641. One objective was to get money and another objective was to commit murder in order to effectuate escape from the scene. Id. In this case, the intent to kill separates petitioner's robberies from the assaults. Consequently, this factor weighs in favor of the government.

Although the criminal conduct underlying petitioner's assault and robbery convictions occurred on the same day, February 7, 1993, the five-factor analysis viewed as a whole supports the following conclusions: (1) petitioner's robberies are separate and distinct from his assaults with intent to kill; (2) petitioner's three assaults with intent to kill are distinct from one another; and (3) petitioner's convictions constitute no less than three distinct violent felonies. In short, Johnson has no impact on petitioner's status as an Armed Career Criminal. Consequently, petitioner's claim is

7

dismissed.

C. Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should be decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. Daniel, 529 U.S. 473, 483-84 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is warranted on the following issues: (1) whether in light of Johnson, AWDWIKISI is a violent felony; (2) whether in light of Johnson, AWDWIK is a violent felony; and (3) whether petitioner's convictions were "committed on occasions different from one another."

## CONCLUSION

Based on the foregoing, the court DENIES petitioner's motion to vacate (DE 83) and GRANTS the government's motion to dismiss (DE 91). The court GRANTS a certificate of appealability. The clerk is DIRECTED to close this case.

SO ORDERED, this the 24th day of April, 2017.

_____
LOUISE W. FLANAGAN
United States District Judge